UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON C. STAFFORD, SR., <br><br> Plaintiff <br><br> v. <br><br> DAVID, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 3:25-CV-00492 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Deon C. Stafford has filed a *pro se* complaint alleging that two employees at a residential drug treatment facility are liable to him under 42 U.S.C. § 1983 because one of the employees sexually harassed him. Because the complaint does not state a claim for relief as pled, Stafford will be granted 30 days to file an amended complaint.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Stafford's complaint (Doc. 1) alleges as follows: At some point in June or July 2024, Stafford "enrolled in Gaudenzia's Common Ground drug program,"[1] and was subject to a probation violation if he was "kicked out." A staff member, Mr. David, was "extra flirtatious" with participants in the program and made unspecified "threatening comments." Over a period of two weeks, David "began his advances more aggressively by rubbing against [Stafford]" and asking Stafford to "accompany him to [the] bathroom." Stafford also observed

---

[1] The Court takes judicial notice that Common Ground is "a residential substance use and co-occurring disorder treatment facility" managed by Gaudenzia, a non-profit entity. *See Common Ground – Gaudenzia*, https://www.gaudenzia.org/location/common-ground/ (last accessed June 5, 2025); *Colbert v. Anderson*, No. 1:13-CV-1096, 2014 WL 4215610, at *3-4 (M.D. Pa. Aug. 25, 2014) (discussing Gaudenzia Common Ground and taking judicial notice of its general purpose as described on Gaudenzia's website).

David propositioning women, and "when they would deny him," David would proposition Stafford for sex. Stafford submitted a grievance to Ms. Belinda, a supervisor. After an investigation, David was terminated, and unnamed "counselors" told Stafford that "this was known past behavior" by David. Stafford now asserts unspecified claims under 42 U.S.C. § 1983 against David and Belinda.

**II.     28 U.S.C. § 1915A S̲c̲r̲e̲e̲n̲i̲n̲g̲**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule

2

12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be

construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

Stafford's complaint does not state a viable claim. To state a claim under Section 1983, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). Action "under color of state law" means that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quotation omitted). The defendants, David and Belinda, are

4

alleged to be employees of Gaudenzia, and Stafford's complaint supports an inference that Gaudenzia had some arrangement with the Pennsylvania Department of Corrections to provide reentry and drug treatment services. But these facts do not indicate that Gaudenzia's private employees were themselves acting under color of state law.[2]

Even if David and Belinda were acting under color of state law, the complaint would not state a claim against either defendant. Any constitutional claim based on sexual harassment of Stafford by David would be analyzed under the standard applicable to an Eighth Amendment[3] excessive force claim: The incident must be "objectively, sufficiently intolerable and cruel, capable of causing harm," and the defendant must have a culpable state of mind. *See Ricks v. Shover*, 891 F.3d 468, 474-75 (3d Cir. 2018). Although unpleasant, the vague allegation that David "rubbed against" Stafford suggests the kind of "minor sexualized touching" that courts have declined to recognize as an Eighth Amendment violation. *See, e.g.*, *McIntyre v. Kellinger*, 741 F. App'x 891, 892-93 (3d Cir. 2018); *Sarvey v. Wetzel*, No. 1:16-CV-00157, 2019 WL 235322, at *13 (W.D. Pa. Jan. 16, 2019) (listing cases). While Stafford alleges that David repeatedly propositioned him and made unspecified "threatening

---

[2] *See, e.g.*, *Daniels v. Nw. Hum. Services*, No. 20-1736, 2021 WL 4166285, at *2 (3d Cir. Sept. 14, 2021); *Burgos v. DRC Gaudenzia*, No. 23-CV-3547, 2024 WL 897576, at *3 (E.D. Pa. Mar. 1, 2024) ("Burgos has not alleged any details suggesting that the conduct of [the] Lieutenant employed at Gaudenzia[] constituted state action."); *Outen v. Prialeau*, No. CIV.A. 12-4166, 2013 WL 1875042, at *4 (E.D. Pa. May 3, 2013).

[3] Based on Stafford's description of the Common Ground program and the risk of probation violation for non-compliance, the Court concludes that "[t]he Eighth Amendment's prohibition against deliberate indifference is the only constitutional standard applicable." *See Giddings v. Joseph Coleman Ctr.*, 473 F. Supp. 2d 617, 623 (E.D. Pa. 2007) (finding that the Eighth Amendment's prohibition against cruel and unusual punishment applied because a parolee placed in a halfway house "was essentially incarcerated and being punished") (citations omitted). This determination is without prejudice to any clarifying allegations Stafford raises in an amended complaint.

5

comments," such verbal harassment would not itself violate the Eighth Amendment. *See Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006). Nor would the complaint state any claim against Belinda, the supervisor. While Stafford claims that David's actions were "known past behavior," he does not allege that Belinda herself had personal knowledge of this behavior or that she acquiesced in David's inappropriate conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To the contrary, he alleges that upon receiving Stafford's grievance, Belinda initiated a prompt investigation and David was "immediately terminated."

## IV. CONCLUSION

Because the complaint as pled does not state a claim, Stafford will be granted 30 days to file an amended complaint. *See Grayson*, 293 F.3d at 108. An appropriate order follows.

**Dated: June 30, 2025**                                            *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States District Judge**